UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

JACKSON DIVISION



| | |
|---|---|
| R. Alexander Acosta,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PROFESSIONAL CLINICAL LABORATORY,<br>d/b/a PROLAB, and HILLARY STRASNER,<br>an individual,<br><br>　　　　　　Defendants. | FILE NO.<br><br>3:17-cv-695 CWR-FKB<br><br><br><br>**COMPLAINT**<br><br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Professional Clinical Laboratory, d/b/a ProLab ("ProLab") and Hillary Strasner ("Strasner") enjoined from violating the provisions of §§ 7 and 11 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime, together with an equal amount as liquidated damages.

I

A.　This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

B. Venue lies in the United States District Court, Southern District of Mississippi, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

II

A. Defendant ProLab, at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Flowood, Mississippi in Rankin County.

B. Defendant Hillary Strasner, Defendant ProLab's Director and President, at all times hereinafter mentioned acted directly or indirectly in the interest of Defendant ProLab in relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

C. Defendants ProLab and Strasner are both persons within the meaning of § 3(a) of the Act, 29 U.S.C. § 203(a).

III

At all times hereinafter mentioned:

A. Defendants ProLab and Strasner ("collectively Defendants"), engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual

gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since October 12, 2013, Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees, including drivers, for their employment in excess of such hours at rates less than one and one-half times the regular rates at which they were employed.

V

Since October 12, 2013, Defendants subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VI

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the

provisions of §§ 7 and 11 of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period two (2) years prior to the commencement of this action, and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including costs of this action.

<u>ADDRESS:</u>

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
(404) 302-5460
(404) 302-5438 (FAX)
egemonye.uche@dol.gov
Atl.fedcourt@dol.gov
(Primary)

SOL Case No. 17-00144

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By: _____
  Uche N. Egemonye
  Counsel

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff